UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CAT 5 GLOBAL, LLC | CIVIL ACTION |
| VERSUS | NO: 23-2124 |
| STATE FARM FIRE & CASUALTY CO. | SECTION: "A" (4) |

## ORDER AND REASONS

The following motion is before the Court: **Motion to Remand (Rec. Doc. 10)** filed by the plaintiff, Cat 5 Global, LLC. The defendant, State Farm Fire & Casualty Co., opposes the motion. The motion, noticed for submission on August 16, 2023, is before the Court on the briefs without oral argument.

Plaintiff initiated this lawsuit in state court to recover payments for extensive remediation work provided to State Farm's insured following Hurricane Ida. State Farm removed the action to this Court. Subject matter jurisdiction is not in dispute.[1] The point of contention in the motion to remand is whether the removal was timely.

The timeliness of removal is governed by 28 U.S.C. § 1446(b)(1) (emphasis added), which states that "[t]he notice of removal of a civil action or proceeding shall be filed ***within 30 days after the receipt by the defendant, through service or***

---

[1] The Court is not suggesting that subject matter jurisdiction is proper simply because the plaintiff does not dispute it. Rather, based on the allegations contained in its Notice of Removal, State Farm has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000 and that the parties are diverse in citizenship. The plaintiff does not dispute that State Farm has discharged its burden of proof as the removing defendant.

1

*otherwise,* of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

State Farm's designated agent for service of process in Louisiana, Corporation Service Company ("CSC"), was served on May 22, 2023. State Farm removed the action on June 20, 2023, which was less than 30 days later. CSC received the petition and citation from the Secretary of State on May 18, 2023, and placed it in the mail to CSC on May 19, 2023.

The motion to remand is grounded on the unsupported contention that the 30-day removal window began to run when the Secretary of State placed the petition/citation in the mail to CSC on May 19, 2023. The plaintiff cites no authority whatsoever to support this legal proposition, which if correct, would mean that a defendant could lose its right to remove to federal court based on the omissions of either or both the Secretary of State and the postal service. State Farm cites a legion of cases rejecting the plaintiff's proposition and recognizing that the 30-day removal window began to run when CSC was served on May 22nd. Moreover, as State Farm points out, even if the 30-day window began to run on May 19, 2023, which is the date relied upon by the plaintiff, the removal was timely nonetheless because June 19th was a Sunday, and Monday, June 19, 2023, was a federal holiday. Thus, the removal on June 20, 2023 was timely even under the plaintiff's erroneous view of the law.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 10)** filed by the plaintiff,

Cat 5 Global, LLC, is **DENIED**.

August 21, 2023

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE