UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CAT 5 GLOBAL, LLC

VERSUS

STATE FARM FIRE & CASUALTY CO.

CIVIL ACTION

NO: 23-2124

SECTION: "A" (4)

## ORDER AND REASONS

The following motion is before the Court: **Motion for Partial Summary Judgment (Rec. Doc. 20)** filed by the defendant, State Farm Fire and Casualty Co. The plaintiff, Cat 5 Global, LLC, opposes the motion. The motion, submitted for consideration on April 24, 2024, is before the Court on the briefs without oral argument.

This matter arises out of the property damage sustained to the immovable property owned by Andrew Kessler ("Mr. Kessler") from Hurricane Ida. The plaintiff, Cat 5, was the remediation, demolition, and water extraction contractor hired by Mr. Kessler. Mr. Kessler entered into a work authorization contract with Cat 5, whereby Cat 5 performed an extensive scope of remediation work that included demolition, water extraction, and all necessary ancillary services to the property as a result of damages sustained from Hurricane Ida. State Farm issued the homeowner's policy to Mr. Kessler that insured the property. Cat 5 completed its services at Mr. Kessler's property pursuant to the work authorization contract and assignment of benefits. The assignment provides as follows:

> **Assignment of Insurance Claim Benefits.** Client hereby assigns to **CAT 5** any and all insurance rights, benefits, and proceeds which pertain to services rendered in relation to the above loss, under any applicable policy of insurance, whether listed on this contract or not. This assignment of rights, benefits and proceeds is limited to the amount of CAT 5's invoice for services rendered in relation to the above claim and the right and ability to collect same directly from my insurer, including the right to file suit <u>and to seek attorney's fees and court costs</u>. Client hereby waves [sic] any homestead exemption which might be applicable to such insurance funds. <u>Any and all other insurance rights, benefits, and proceeds shall continue to belong to the Client</u>.

Rec. Doc. 21-2, Exhibit A) (underline emphasis added).

Pursuant to its assignment of benefits, Cat 5 has sued State Farm seeking to collect its past due balance of $62,627.365 as well as bad faith penalties and attorney's fees under La. R.S. § 22:1892 and La. R.S. § 1973.

Via the instant motion for partial summary judgment, State Farm moves for judgment as a matter of law on Cat 5's bad faith claims. State Farm's argument is that the assignment clause quoted above is not broad enough to have effected the assignment of the statutory bad faith claims. State Farm asks the Court to follow the outcomes in favor of the insurer in *Frisbie v. State Farm Fire & Casualty Co.*, No. 21-3658, 2023 WL 6284272 (W.D. La. Sept. 26, 2023) (Cain, J.), and *Cat 5 Global, LLC v. Occidental Fire & Casualty Co.*, No. 23-4130, 2024 WL 169649 (E.D. La. Jan. 16, 2024) Guidry, J.).

While the *Frisbie* and *Cat 5* decisions are persuasive, the Court is not persuaded by State Farm's contention that the foregoing contractual assignment is narrowly limited to the rights conferred under its policy alone. The assignment expressly confers the right to seek attorney's fees and court costs, which is a right not conferred by State Farm's policy but rather by La. R.S. § 1892. The Court is unmoved by State Farm's contention that recognizing such an assignment, which again is textual and express, would render the reservation language in the final sentence of the assignment clause to be meaningless.

2

That reservation would arguably apply to the insured's right to pursue penalty damages under the bad faith statutes. The assignment says nothing about assigning a claim for penalties or damages. But the Court is persuaded that Cat 5 can recover, if it prevails against State Farm, its attorney's fees and court costs, in accordance with the bad faith statutes.

State Farm also argues that because Mr. Kessler had no bad faith claim when he executed the assignment (the parties seem to agree that the conduct that is driving the bad faith claims arose after the assignment was executed), no assignment under the bad faith statutes could have occurred.

As the Court interprets the plain text of the assignment clause, it assigned the right to pursue attorney's fees and court costs when the claim became ripe, which by the very nature of the bad faith statutes, does not happen concurrently with a claim accruing under a policy of insurance. Moreover, State Farm's argument essentially suggests that when a valid assignment of rights takes place, an insurer can completely flout the requirements of the Insurance Code with impunity, which is a specious proposition at best.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Partial Summary Judgment (Rec. Doc. 20)** filed by the defendant, State Farm Fire and Casualty Co., is **GRANTED IN PART AND DENIED IN PART** as explained above. The motion is granted as to the claim for penalty damages but denied in all other respects.

April 30, 2024

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE