UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CAT 5 GLOBAL, LLC | CIVIL ACTION |
| VERSUS | NO: 23-2124 |
| STATE FARM FIRE & CASUALTY CO. | SECTION: "A" (4) |

## ORDER AND REASONS

The following motion is before the Court: **Motion for Summary Judgment (Rec. Doc. 33)** filed by the defendant, State Farm Fire and Casualty Co. The plaintiff, Cat 5 Global, LLC, opposes the motion. The motion, submitted for consideration on April 16, 2025, is before the Court on the briefs without oral argument.

This matter arises out of the property damage sustained to the immovable property owned by Andrew Kessler ("Kessler") from Hurricane Ida. The plaintiff, Cat 5, was the remediation, demolition, and water extraction contractor hired by Kessler. Kessler entered into a work authorization contract with Cat 5, whereby Cat 5 performed an extensive scope of remediation work that included demolition, water extraction, and all necessary ancillary services to the property as a result of damages sustained from Hurricane Ida. State Farm issued the homeowner's policy to Kessler that insured the property. Cat 5 completed its services at Kessler's property pursuant to the work authorization contract and assignment of benefits. The assignment provides as follows:

1

> **Assignment of Insurance Claim Benefits.** Client hereby assigns to **CAT 5** any and all insurance rights, benefits, and proceeds which pertain to services rendered in relation to the above loss, under any applicable policy of insurance, whether listed on this contract or not. This assignment of rights, benefits and proceeds is limited to the amount of CAT 5's invoice for services rendered in relation to the above claim and the right and ability to collect same directly from my insurer, including the right to file suit and to seek attorney's fees and court costs. Client hereby waves [sic] any homestead exemption which might be applicable to such insurance funds. Any and all other insurance rights, benefits, and proceeds shall continue to belong to the Client.

Rec. Doc. 21-2, Exhibit A).

Pursuant to its assignment of benefits, Cat 5 has sued State Farm seeking to collect its past due balance of $62,627.365 as well as bad faith penalties and attorney's fees under La. R.S. § 22:1892 and La. R.S. § 1973.

The Court previously denied Cat 5's motion to remand. (Rec. Doc. 12, Order and Reasons). The Court previously granted in part and denied in part a motion for partial summary judgment filed by State Farm pertaining to Cat 5's right to pursue bad faith penalties and attorney's fees.[1]  (Rec. Doc. 23, Order and Reasons).

Via the instant motion for summary judgment, State Farm now moves for judgment as a matter of law on all of Cat 5's claims. State Farm's argument is that on November 2, 2021, it paid the claim directly to Kessler because until November 19, 2021, it had no knowledge of the assignment that Kessler had executed in favor of Cat 5. In support of its position State Farm relies upon Louisiana Civil Code article 2644, entitled Performance By Debtor Before Knowledge of Assignment, which states:

---

[1] In its opposition memorandum, Cat 5 now advises that it is not asserting a statutory bad faith claim under La. R.S. §§ 22:1892 & 1973. (Rec. Doc. 36, Opposition at 7).

> When the debtor, without knowledge or notice of the assignment, renders performance to the assignor, such performance extinguishes the obligation of the debtor and is effective against the assignee and third persons.

La. Civ. Code art. 2644.

In opposition, Cat 5 acknowledges that State Farm did pay the claim directly to Kessler (who did not pay Cat 5 for the services rendered), and that State Farm did not receive written or actual notice of the assignment until after the claim was paid to the insured. But Cat 5 contends that State Farm had constructive notice of the assignment because State Farm had negotiated directly with Cat 5 for the mitigation work that was performed, or that at the very least State Farm should have included Cat 5 as a payee on the check issued to Kessler. Cat 5 maintains that issues of material fact as to whether State Farm had constructive notice of the assignment should preclude summary judgment.[2] Further, in its opposition Cat 5 argues that it should be allowed to proceed under a theory of detrimental reliance.

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 248). The court must

---

[2] Cat 5 learned from State Farm on February 23, 2022, that the claim had been paid directly to the insured, and demanded payment from Kessler, who had previously denied to Cat 5 that any payment had been received. (Rec. Doc. 33-2, Exhibit 5). But Cat 5 did not include Kessler as a defendant in this lawsuit.

draw all justifiable inferences in favor of the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (*citing* Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (*citing SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

      When faced with a well-supported motion for summary judgment, Rule 56 places the burden on the non-movant to designate the specific facts in the record that create genuine issues precluding summary judgment. *Jones .v Sheehan, Young, & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996). The district court has no duty to survey the entire record in search of evidence to support a non-movant's position. *Id.* (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1992); *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir. 1988)).

      It is undisputed that State Farm did not receive actual notice of the assignment until after it had already paid Kessler for Cat 5's work. The Court will assume that Civil Code article 2644 does not require actual notice and that constructive notice of an assignment would be legally sufficient to prevent the debtor's obligation from being extinguished when performance is rendered to the assignor.[3] Cat 5's only basis for

---

[3] Cat 5 cites no legal authority for this proposition but textually the Civil Code article does not require "actual" notice.

4

contending that State Farm should have known about the assignment is that State Farm worked/negotiated directly with Cat 5 when determining the scope of work for Kessler's property. But as State Farm points out, this is not out of the ordinary in property damage situations so Cat 5 fails to create an issue of fact as to constructive notice. The Court agrees. Apparently in its conversations with State Farm Cat 5 said nothing about the assignment. It does not follow that State Farm should have known that Kessler had assigned his rights on the claim to Cat 5 simply because State Farm's adjuster had conversations directly with Cat 5.

As for the unpleaded detrimental reliance theory raised in the opposition memorandum, Cat 5 fails to identify what promise or representation State Farm allegedly made that caused Cat 5 to change its position to its detriment.[4] As explained above, the conduct of State Farm's adjuster working directly with Cat 5 to determine the scope of work is not sufficient to create a representation on the part of State Farm that it knew that Kessler had assigned his rights.[5]

In sum, State Farm is entitled to judgment as a matter of law.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 33)** filed by the defendant, State Farm Fire and Casualty Co., is **GRANTED**. All claims asserted

---

[4] In order to successfully assert a claim for detrimental reliance, a plaintiff must establish a representation by conduct or word, justifiable reliance, and a change in position to one's detriment because of the reliance. *Patriot Const. & Equip., LLC v. Rage Logistics, LLC*, 215 So. 3d 844, 852 (La. App. 3d Cir. 2016) (citing *Luther v. IOM Co. LLC,* 130 So. 3d 817, 825 (La. 2013)).

[5] Cat 5 included a claim for unjust enrichment in its pleading but State Farm paid Kessler for Cat 5's services so State Farm has not been unjustly enriched.

against State Farm in this action are dismissed with prejudice.

April 16, 2025

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE